UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN E. DELMORE,

                              Plaintiff,

v.                                                  Case No. 12-CV-1306-JPS

MCGRAW-HILL COMPANIES, INC.,

                             Defendant.                          ORDER

Plaintiff Brian E. Delmore ("Delmore") filed this suit against defendant McGraw-Hill Companies, Inc., ("McGraw-Hill"), alleging that McGraw-Hill discharged him in retaliation for whistleblowing activity, in contravention of the Sarbanes-Oxley Act of 2002 ("SOX") and the American Recovery and Reinvestment Act of 2009 ("ARRA"). (Docket #1). Presently before the court is McGraw-Hill's motion to dismiss. (Docket #8). In its motion, McGraw-Hill argues that the court must dismiss Delmore's complaint because the court lacks subject-matter jurisdiction.[1] As explained below, the court now grants McGraw-Hill's motion.

1.      Background

The requisite facts for disposal of this motion are briefly stated. Delmore was employed by McGraw-Hill Construction, a division of McGraw-Hill, until December 21, 2011, when he was terminated. Delmore alleges that McGraw-Hill violated federal securities laws and made false statements to its customers, and that he repeatedly advised McGraw-Hill of

---

[1] McGraw-Hill also argues in the alternative that dismissal is required because Delmore fails to state a claim upon which relief may be granted. Because the court grants McGraw-Hill's motion on its primary jurisdictional argument, the alternative ground is not discussed.

those violations in the years leading up to his termination. Delmore claims that his termination was in retaliation for his whistleblowing regarding McGraw-Hill's allegedly illegal practices. Along with a letter dated May 11, 2012, plaintiff's counsel mailed a complaint addressed to Hilda L. Solis, Secretary of the United States Department of Labor, asserting that Delmore's termination violated SOX. On December 21, 2012, Delmore filed his civil complaint in the Eastern District of Wisconsin, asserting claims under SOX and ARRA.

2.     Legal Standards

McGraw-Hill moved to dismiss Delmore's complaint under Federal Rule of Civil Procedure 12(b)(1). A 12(b)(1) motion to dismiss asserts the absence of subject-matter jurisdiction over a civil complaint. When considering a factual challenge to jurisdiction, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (*quoting Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008)) (further citations omitted). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Property Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). When a federal court does not have jurisdiction over a claim, it must dismiss the claim; it is "fundamental that if a court is without jurisdiction of the subject matter it is without the power to adjudicate…." *Stewart v. United States*, 199 F.2d 517, 519 (7th Cir. 1952).

3.  Analysis

McGraw-Hill argues that the court must dismiss the complaint because Delmore did not exhaust his administrative remedies, and, therefore, this court lacks jurisdiction to consider the complaint. The federal regulations specifying procedures for SOX complaints establish that "[t]he complaint should be filed with the OSHA [Occupational Safety and Health Administration] office responsible for enforcement activities in the geographical area where the employee resides or was employed, but may be filed with any OSHA officer or employee." 29 C.F.R. § 1980.103(c).[2] Then, copies of the complaint will be sent to the respondent, to the complainant or the complainant's counsel, and to the Securities and Exchange Commission. 29 C.F.R. § 1980.104(a). The respondent may submit responsive materials within 20 days of notice of the complaint, and the agency may investigate the matter. 29 C.F.R. § 1980.104(b), (c). Following any investigation, the agency then issues written findings regarding the alleged violation. 29 C.F.R. § 1980.105. Parties may object to the agency's findings and request a hearing. 29 C.F.R. § 1980.106. The parties have further opportunities to appeal within the administrative branch. 29 C.F.R. §§ 1980.108, 1980.109, and 1980.110. Following administrative appeals, if a final order is issued, any aggrieved

---

[2]In addition to this regulation, a notice of delegation was in place at the time of Delmore's termination that specified OSHA as the proper venue for SOX complaints. *Delegation of Authority and Assignment of Responsibility*, 75 Fed. Reg. 55355 (Sept. 10, 2010) ("The Assistant Secretary for Occupational Safety and Health is delegated authority and assigned responsibility for administering the safety and health, and whistleblower programs and activities of the Department of Labor[…] under the designated provisions of the following laws: […] Sarbanes-Oxley Act of 2002, 18 U.S.C. 1514A.")

party may file a petition for review in the United States Court of Appeals. 29 C.F.R. § 1980.112. The regulations further provide that:

> [i]f the Secretary has not issued a final decision within 180 days of the filing of the complaint, and there is no showing that there has been delay due to the bad faith of the complainant, the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States, which will have jurisdiction over such an action without regard to the amount in controversy.

29 C.F.R. § 1980.114.

For support that a district court lacks jurisdiction if these administrative remedies are not exhausted, McGraw-Hill cites two district court cases, both from districts within the Seventh Circuit. In *Mart v. Forest River, Inc.*, the Northern District of Indiana dismissed a plaintiff's SOX claim upon finding that the plaintiff's administrative complaint was untimely filed. 854 F.Supp.2d 577, 608 (N.D. Ind. 2012). Due to this untimeliness, the court concluded that the plaintiff had not exhausted his administrative remedies, and further concluded that it had no jurisdiction because "…a failure to exhaust administrative remedies with OSHA deprives a district court of subject matter jurisdiction over a plaintiff's SOX claim." *Id.* In *Nieman v. Nationwide Mut. Ins. Co.*, the Central District of Illinois dismissed the plaintiff's SOX claims on the plaintiff's admission that he did not follow the administrative procedures as SOX requires, and on the legal conclusion that the court lacks jurisdiction where the plaintiff fails to follow the required administrative procedures. 706 F. Supp. 2d 897, 907 (C.D. Ill. 2010). This court

Page 4 of 7

Case 2:12-cv-01306-JPS   Filed 07/12/13   Page 4 of 7   Document 13

agrees with the legal conclusion reached by both of these district courts,[3] and likewise concludes that a plaintiff's failure to follow the administrative procedure as prescribed in SOX deprives the district court of jurisdiction to hear that plaintiff's SOX claim.

Delmore argues that the court has jurisdiction to hear his complaint; as the party asserting federal jurisdiction, Delmore "has the burden of proof to show that jurisdiction is proper." *Travelers Property Cas. v. Good*, 689 F.3d at 722. In response to McGraw-Hill's argument, Delmore submits the following argument:

> However, Mr. Delmore did send a detailed complaint to the Secretary, believing that was the appropriate venue to allege his termination by McGraw[-]Hill was illegal. The Defendant has provided the court with this filing in its Motion to Dismiss. What is clear is that Mr. Delmore attempted to avail himself of the process outlined by SOX legislation. And it is also clear from the plain language of the SOX legislation that a wronged worker has a way around the administrative requirement upon the passage of time and the dearth of communication. After 180 days had passed, Mr. Delmore was permitted to file his action with this Court under SOX. He did so and availed himself of the relief procedure written into the Sarbanes-Oxley Act itself by Congress.

Brief in Opposition (Docket #11) at 2. The above-quoted passage is the entire argument Delmore offers; the court concludes that this argument does not satisfy Delmore's burden to show that jurisdiction is proper. First, Delmore

---

[3]While it appears that no federal Circuit Court has directly confronted the question, several district courts from outside the Seventh Circuit have also reached the same conclusion. *See e.g. Malin v. Siemens Med. Solutions Health Svcs.*, 638 F.Supp.2d 492, 496 (D. Md. 2008); *Zhu v. Federal Housing Finance* Bd., 389 F.Supp.2d 1253, 1272 (D. Kan. 2005); *Collins v. Beazer Homes USA, Inc.*, 334 F.Supp.2d 1365, 1373 (N.D. Ga. 2004); *Murray v. TXU Corp.*, 279 F.Supp.2d 799, 802 (N.D. Tex. 2003).

cites no authority for any of his arguments. It is well-established in the Seventh Circuit that the failure to support an argument with relevant legal authority constitutes waiver. *See, e.g., U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived…."); *U.S. v. Amerson*, 185 F.3d 676, 689 (7th Cir. 1999) ("Given our adversarial system of litigation, '[i]t is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.'"). This quote from *Amerson* brings the Court to its next point, namely: Delmore was represented by counsel at the time of his submission to Secretary Solis. While district courts should liberally construe pro se complaints to avoid disposal on technical grounds, *Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999), it is understood that represented parties are held to follow proper procedure. In the end, Delmore does not dispute that: (1) the administrative procedure for SOX claims requires a complainant to file a complaint with OSHA; and (2) that Delmore did not file a complaint with OSHA. As Delmore did not exhaust the administrative remedies laid out in SOX and applicable regulations, this court lacks jurisdiction to consider Delmore's SOX claim.

Similarly, the court lacks jurisdiction to consider Delmore's claim under ARRA. In its motion to dismiss, McGraw-Hill argues that Delmore has not shown that he exhausted administrative remedies as provided in ARRA, namely: submitting a complaint to the inspector general of the agency allocating the allegedly misused funds, and then coming to district court only if the agency head denies relief, or if it issues no decision within 210 days of the complaint. Pub. L. No. 111-5, §§ 1553 (b)(1), 1553(c)(2), 1553(c)(3); 123 Stat.

Page 6 of 7

Case 2:12-cv-01306-JPS Filed 07/12/13 Page 6 of 7 Document 13

115, 297-98 (2009). Delmore offers no argument in an attempt to satisfy its burden of proving that jurisdiction over any ARRA claim is proper; the court thus concludes that it lacks jurisdiction over Delmore's ARRA claim, and the claim is dismissed. Accordingly,

IT IS ORDERED that McGraw-Hill's motion to dismiss (Docket #8) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that this case be and the same is hereby dismissed.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge